

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. O-3925
Re: Under Articles 3902 and 6869,
is the sheriff of Wilbarger
County entitled to more than
four deputies in the precinct
in which the county site is
located, and does the Commis-
sioners' Court have the au-
thority to approve warrants
to pay for such additional
deputies?

We have your letter of August 30, 1941, from which we quote:

"At the present time the Sheriff of Wil-
barger County, Texas, has THREE (3) Deputies
in the Precinct where the Sheriff's Office is
located, and in addition to the three depu-
ties, there is a Jail Matron at the Jail and
another Deputy Sheriff acting as Assistant to
the Jail Matron.

"The Sheriff desires additional help and
wishes to appoint another Deputy. Under Art.
3902 -6889 is he entitled to more Deputies
than those mentioned above, and does the Com-
missioners' Court have the authority to ap-
pprove warrants to pay for such additional
Deputy."

It appears that your reference to Article 6889 is
a typographical error, as the applicable provision of the
statute is Article 6869.

Honorable F. L. Massie, Page 2

Article 3902 provides in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. . . ."

Article 6869 provides in part as follows:

". . . The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the Justice precinct in which is located the county site of such county, and one in each Justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the Clerk's office. . . ."

We are advised by the Comptroller that the population of Wilbarger County according to the 1940 Federal Census is 20,474; that the tax valuation of said county for 1940 is $18,996,010.00; that the officers of said county are on a salary basis.

We believe that your first question is answered by our opinion No. 0-12, written by Wm. J. Fanning, Assis-

Honorable F. L. Massie, Page 3

tant Attorney General, to Honorable Charles H. Theobald,
County Attorney, Galveston County, Texas, from which we
quote:

> "The department is not in possession of
> any definite decision affecting the question
> on hand, and therefore must arrive at the con-
> clusion that Article 6869, Vernon's Annotated
> Texas Civil Statutes which applies to the
> sheriffs under the Fee Law, has been super-
> seded insofar as it applies to Galveston
> County, Texas, a county having a population
> of 64,401, according to the last United States
> Census, by Article 3902, Revised Civil Stat-
> utes of Texas, and Section 4 thereof, and by
> the Officers' Salary Law of the State of Texas.

> "It is the further opinion of this de-
> partment that it rests within the discretion
> of the Hon. Commissioners' Court of Galveston
> County, Texas, as to the number of deputies
> which the sheriff should employ. You will
> note in Article 3902, Revised Civil Statutes,
> that the sheriff shall make application to
> the Commissioners' Court for the appointment
> of deputies, and etc., and that, furthermore,
> he shall show the probable receipts and dis-
> bursements of his office in order for the
> Commissioners' Court to determine the number
> and necessity therefor.

> "It is therefore the opinion of this de-
> partment that such appointments of deputies
> should be determined by the Commissioners'
> Court of Galveston County, Texas, through the
> necessity of such appointments and also
> governed by the revenues of the sheriff's
> office. It is very evident that no such ap-
> pointment should exceed that of necessity and
> that due consideration of all conditions
> necessitating said appointments should be
> the controlling factor in such consideration
> as might arise affecting the county at large."

It is therefore our opinion that the sheriff of
Wilbarger County is entitled to employ, in addition to a

Honorable F. L. Massie, Page 4

first deputy, as many additional deputies as he is authorized to employ by an order of the Commissioners' Court, acting upon application of the sheriff filed in accordance with the provisions of Article 3902. It then follows that the Commissioners' Court would have the authority to approve warrants to pay for such additional deputies.

(See Opinion No. 2686, by H. Grady Chandler, Assistant Attorney General, addressed to Honorable J. A. Moore, County Attorney, Reagan County, dated April 29, 1927, a copy of which is attached hereto.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

WRA:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN